UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT DOUZAT, et al., | Case No. 2:16-CV-990 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NEVADA RESTAURANT SERVICE, INC. dba DOTTY'S, et al., | |
| Defendant(s). | |

Presently before the court is defendant Nevada Restaurant Services, Inc.'s motion to dismiss. (ECF No. 9). Plaintiffs Robert Douzat and Danny Sharpe filed a response (ECF No. 13), to which defendant replied (ECF No. 20).

**I.     Facts**

In the instant complaint, plaintiffs allege two causes of action: (1) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), (the "ADEA"); and (2) defamation. (ECF No. 1).

In the instant motion, defendant moves to dismiss both claims, arguing that the claims fail to state a claim. (ECF No. 9). The court will address each in turn.

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

**James C. Mahan**
**U.S. District Judge**

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

**James C. Mahan**
**U.S. District Judge**

**III. Discussion**

    **A. The ADEA**

Plaintiff Douzat alleges that he began to work for defendant in January 2008, and that he was terminated in June 2015 without cause. (ECF No. 1 at 3).

Plaintiff Sharpe alleges that he worked for defendant for about a year and a half as a construction manager. (ECF No. 1 at 3). He claims that he was terminated in January 2016. (ECF No. 1 at 4). Plaintiff Sharpe further alleges that he is fifty-three (53) years old. (ECF No. 1 at 4).

Plaintiffs allege that there has been a pattern of age discrimination at defendant's company and other employees over forty (40) years old have also been recently terminated. (ECF No. 1 at 4).

The ADEA makes it unlawful "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Courts evaluate ADEA claims that are based on circumstantial evidence of discrimination by using the three-stage burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). Under this framework, the employees must first establish a prima facie case of age discrimination. *Id.*

"To establish a prima facie case using circumstantial evidence, the employees must demonstrate that they were (1) members of the protected class (at least age 40); (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

Here, plaintiff Douzat has not alleged that he is a member of a protected class. While he claimed that he was partly responsible for the growth of defendant's company, plaintiff Douzat failed to allege that he was performing his job satisfactorily or that he was replaced by younger employees with equal or inferior qualifications.

Further, while plaintiff Sharpe, age 53, has alleged that he is a member of a protected class, he has similarly failed to allege that he was performing his job satisfactorily or that he was replaced by younger employees with equal or inferior qualifications.

James C. Mahan
U.S. District Judge

In light of the foregoing, plaintiffs have failed to adequately state a claim for age discrimination under the ADEA. Accordingly, defendant's motion to dismiss will be granted as to this claim.

### B. Defamation

Plaintiffs allege that defendant's employees, past and current, have made slanderous statements about each plaintiff to third parties. (ECF No. 1 at 6). Further, plaintiffs allege that the publication of these slanderous statements has resulted in actual damage to plaintiffs. (ECF No. 1 at 6).

A claim for defamation under Nevada law requires "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).

Plaintiffs' complaint is devoid of any facts to support a claim for defamation. Plaintiffs merely recite the elements of a defamation claim. Such conclusory allegations cannot support a defamation claim.

Based on the foregoing, plaintiffs have failed to state a claim for defamation. Therefore, defendant's motion to dismiss will be granted as to this claim.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

DATED September 28, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -